**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TRINA GUTIERREZ on behalf of herself and other similarly situated persons, known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | Judge |
| ADDISON HOTELS, LLC. | ) ) ) | Magistrate Judge |
| Defendant. | ) ) | |

**COMPLAINT**

Plaintiff Trina Gutierrez (hereafter "Plaintiff") on behalf of herself and all other similarly situated employees, known and unknown, through her attorneys, for her Complaint against Defendant Addison Hotels, LLC, (hereafter "Defendant") states as follows:

### I. NATURE OF THE CASE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendant's: 1) failure to pay overtime wages to Plaintiff in violation of the FLSA and the IMWL. Defendant's unlawful compensation practices have had the effect of denying Plaintiff and other similarly situated employees her earned and living wages. For the claims arising under the FLSA, Plaintiff brings this suit as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. §216(b). Plaintiff's consent to represent is attached hereto as Exhibit A.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over

Plaintiff's state law claims pursuant to 28 U.S.C. §1367. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred within this judicial district.

### III. PARTIES

**Plaintiff**

3. During the course of her employment, Plaintiff:

    a. handled goods that moved in interstate commerce;

    b. Was an "employee" of Defendant as that term is defined by the FLSA, and the IMWL;

    c. Has resided in and been domiciled in the state of Illinois and within this judicial district.

**Defendant**

4. Within the relevant time period, Defendant:

    a. Has been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;

    b. Has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A);

    c. Has had two or more employees that have handled goods that have moved in interstate commerce;

    d. Has been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) *et seq*.

**FACTUAL BACKGROUND**

5.     Within the three years prior to the filing of this lawsuit, Plaintiff was employed by Defendant to work an hourly position at Defendant's hotel.

6.     Within the three years prior to the filing of this lawsuit, Defendant regularly directed Plaintiff and similarly situated hourly employees to work in excess of forty hours but Defendant failed to pay Plaintiff at time and half Plaintiff's regular rate. For example, Defendant regularly paid Plaintiff and similarly situated hourly employees for all time worked at Plaintiff's straight time rate.

7.     Defendant's failure to compensate Plaintiff and similarly situated employees for all time worked in excess of forty (40) hours per week at Plaintiff's straight time rate violated the overtime requirements of the FLSA and the IMWL.

**CLASS ACTION ALLEGATIONS**

9.     Plaintiff will seek to certify as a class action pursuant to FRCP Rule 23 her state law claims arising under the IMWL for overtime wages (Count II). Plaintiff will ask the Court to determine the rights of the parties pursuant to that statute and to direct Defendant to account for all hours worked and wages paid to the class members during the temporality of the class.

10.    Counts II, is brought pursuant to Fed. R. Civ. P. 23(a) and (b) because:

> a.     The class is so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined at this time, Plaintiff is informed and believes that Defendant has employed in

        excess of eighty (80) individuals as hourly employees during the IMWL, Class Period.

b. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of fact and law include, without limitation:

    i. Whether Defendant failed to pay Plaintiff and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period;

c. The class representative and the members of the class have been equally affected by Defendant's failure to pay overtime wages.

d. Members of the class will be reluctant to bring forth claims for unpaid wage violations for fear of retaliation.

e. The class representative, class members, and Defendant have a commonality of interest in the subject matter and remedies sought and the class representative is able to fairly and adequately represent the interest of the classes. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating hardship on the class members, Defendant, and the Court.

11. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
### Violation of the Fair Labor Standards Act- Overtime Wages
*Section 216(b) Collective Action*

12. Plaintiff incorporates and re-alleges paragraphs 1 through 11 of this Complaint, as though set forth herein.

13. The matters set forth in this Count arise from Defendant's violation of the overtime provisions of the FLSA.

14. Defendant suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during his employment with Defendant.

15. Defendant likewise suffered or permitted other similarly situated employees to work who did, in fact, perform work for Defendant in excess of forty (40) hours in individual work weeks but did not compensate them at time and a half their regular rate for all time worked.

16. Plaintiff and other similarly situated employees were not exempt from the overtime wage provisions of the FLSA.

17. Defendant violated the FLSA by failing to compensate Plaintiff and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

18. Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiff filing this lawsuit because Defendant's violation was willful.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees in excess of forty (40) hours in individual work weeks.

C. Liquidated damages in the amount equal to the unpaid overtime wages;

D. That the Court declare that Defendant has violated the FLSA;

E. That the Court enjoin Defendant from violating the FLSA;

F.       Reasonable attorneys' fees and costs of this action as provided by the FLSA; and Such other and further relief as this Court deems appropriate and just

## COUNT IV
## Violation of the Illinois Minimum Wage Law- Overtime Wages
*Plaintiff on behalf of themselves and similarly situated employees*

19.     Plaintiff incorporates and re-alleges paragraphs 1 through 18 of this Complaint, as though set forth herein.

20.     The matters set forth in this Count arise from Defendant's violation of the overtime wage provisions of the IMWL.

21.     Defendant suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during their employment with Defendant.

22.     Defendant likewise suffered or permitted other similarly situated employees to work who did, in fact, perform work for Defendant in excess of forty (40) hours in individual work weeks but did not compensate them at time and a half her regular rate for all time worked

23.     Plaintiff and similarly situated employees were not exempt from the overtime wage provisions of the IMWL and were entitled to be compensated at time and a half their regular rate of pay for all time worked in excess of forty hours per week.

24.     Defendant violated the IMWL by failing to compensate Plaintiff and similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks at time and a half Plaintiff's regular rate of pay.

25.     Pursuant to 820 ILCS 105/12(a), Plaintiff and members of the class are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

26.     The Class that Plaintiff seeks to represent in regard to the overtime wage claim arising under the IMWL is composed of and defined as all persons who have been employed by

Defendant in an hourly position since March 5, 2012 up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of all overtime wages due to Plaintiff and the Class as provided by the IMWL;

C. Statutory damages for Plaintiff and the Class pursuant to the formula set forth in 820 ILCS 105/12(a);

D. That the Court declare that Defendant has violated the IMWL;

E. That the Court enjoin Defendant from violating the IMWL

F. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: March 6, 2015

s/Christopher J. Williams
Christopher J. Williams
Alvar Ayala
Workers' Law Office, P.C.
53 W. Jackson Blvd., Suite 701
Chicago, Illinois 60604
(312) 795-9121

Plaintiff's Attorneys