**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TRINA GUTIERREZ on behalf of herself and all other persons similarly situated | ) ) ) | |
| Plaintiff, | ) ) | Case No. 15-CV-2021 |
| v. | ) ) | Magistrate Judge Susan E. Cox |
| ADDISON HOTELS, LLC. | ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF THE
STIPULATION OF SETTLEMENT BETWEEN PLAINTIFF AND
DEFENDANT ADDISON HOTELS, LLC**

Now comes Plaintiff Tina Gutierrez, on behalf of herself and other similarly situated persons, and moves this Court for Final Approval of the Stipulation of Settlement between Plaintiff and Defendant Addison Hotels LLC ("Addison Hotels"), ("the Settlement"). In support of her Unopposed Motion for Final Approval, Plaintiff states as follows:

1.  On February 3, 2016, this Court granted Preliminary Approval to the Parties' settlement of Plaintiff's claims on behalf of herself and of a class of other similarly situated employees for Defendant's alleged violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*., ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*., ("IMWL").

2.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

3.  Final approval is appropriate where the court determines that a settlement is fair, adequate, and reasonable. *Synfuel Techs., Inc. v. DHL Express (USA), Inc*., 463 F.3d 646, 652

(7th Cir. 2005). In determining whether a settlement is fair, adequate, and reasonable, courts in the Seventh Circuit consider a variety of factors including:

     a.   the strength of plaintiff's case, weighed against the settlement offer;

     b.   the complexity, length, and expense of further litigation;

     c.   the presence of collusion between the parties;

     d.   the opinion of competent counsel;

     e.   the reaction of class members to the proposal; and

     f.   the stage of proceedings and discovery completed.

*In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1014 (N.D. Ill. 2000) (citing *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 308 (7th Cir. 1985)). As explained in detail in Plaintiff's supporting memorandum of law, the Parties' Stipulation of Settlement meets these factors and should be approved.

     WHEREFORE, Plaintiff respectfully requests that the Court enter a Final Order approving the Parties' Stipulation of Settlement in the form attached to Plaintiff's Memorandum of Law in Support of Final Approval as Exhibit A.

                       Respectfully Submitted,

Dated: May 4, 2016

                       *s/Alvar Ayala*
                       Alvar Ayala
                       Christopher J. Williams
                       Workers' Law Office, PC
                       53 W. Jackson Blvd., Suite 701
                       Chicago, Illinois 60604
                       (312) 795-9121

                       Attorneys for Plaintiff