IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRINA GUTIERREZ on behalf of herself and all other persons similarly situated<br><br>Plaintiff,<br><br>v.<br><br>ADDISON HOTELS, LLC.<br><br>Defendant. | Case No. 15-CV-2021<br><br>Magistrate Judge Susan E. Cox |

### ORDER OF FINAL APPROVAL OF SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANT ADDISON HOTELS, LLC.

The Parties having appeared before the Court on May 10, 2016 for a Hearing on Final Approval in the above-captioned matter; the Court having reviewed the Plaintiff's Unopposed Motion for Final Approval of the Class Action Settlement Agreement between Plaintiff and Defendant Addison Hotels, LLC. and other related materials submitted by the Parties, having heard the Parties' presentation at the Hearing on Final Approval; and otherwise being fully informed in the premises, it is hereby

ORDERED AND ADJUDGED as follows:

1. A class was preliminarily certified, for settlement purposes only, by an Order dated February 3, 2016 ("Preliminary Approval Order", Docket Entry 39), defined as follows:

> All persons who were employed by Defendant in Illinois between March 6, 2012 and March 6, 2015 and who worked in excess of forty hours.

2. The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. Rule 23(a) and is maintainable under Rule 23(b)(3) for purposes of settlement of this action only. The Court finally certifies the Settlement Class for purposes of settlement of this

action only.

3. The Notice of Class Action Settlement ("Class Notice") sent to the members of the Settlement Class ("Class Members") via First Class Mail adequately informed the Class Members of the terms of the Settlement, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement Class and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement. The Class Notice also adequately informed the Class Members of the telephone number of Class Counsel, Christopher J. Williams and Alvar Ayala of the Workers Law Office, P.C., to inquire about additional information regarding the case and settlement. The Court finds that the Class Notice provided satisfied the requirements of Fed. R. Civ. P. 23(e)(1)(B).

4. The Court hereby approves the proposed Stipulation of Settlement between Plaintiff and Defendant Addison Hotels, LLC., incorporated into this Order, and finds that the Settlement is fair, reasonable, and adequate to all Class Members. The Court finds that the strength of the Plaintiff's case on the merits, weighed against Defendant's defenses, and the complexity, length, and expense of further litigation, support approval of the Settlement; the Settlement Amount of Fifty Six Thousand and 00/100 Dollars ($56,000.00) plus any payroll taxes due on the settlement payments as calculated by Defendant to resolve the claims of the Named Plaintiff and the Class arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), Illinois Minimum Wage Law 820 ILCS 105/1, *et seq.* ("IMWL") less the costs of claims administration and attorneys' fees and costs in the amount of $18,000.00, and a $1,000.00 incentive award to the Named Plaintiff and $1,000.00 payment to the Named Plaintiff in exchange for execution of a general release is a fair, reasonable and adequate settlement of the

Class claims; the Settlement was reached as a result of arms-length negotiations between the Parties, and the support for the Settlement expressed by Class Counsel, and Counsel for Defendants, who have significant experience representing parties in complex class actions, weighs in favor of approval of the Settlement; the absence of any putative Class Members opting out of the Settlement or filing objections to the Settlement supports approval of the Settlement; and the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, the probable course of future litigation, and that the stage of the proceedings thus warrants approval of the Settlement.

5. As identified by the Plaintiff's Unopposed Motion for Final Approval and supporting Memorandum of Law, attached thereto, the Court finds that there were zero individuals who timely requested exclusion from the Settlement Class.

6. Class Counsel is awarded approximately thirty two percent (32%) of the Total Settlement Amount, or $56,000.00, for attorneys' fees and costs expended in litigating and administering the claim process in this settlement.

7. In accordance with the Stipulation of Settlement, within thirty (30) days of entry of this Order of Final Approval of the Settlement Agreement, Defendant shall mail to each Settlement Class Members who filed a Claim Form, at his or her last-known address via U.S. regular mail, and using a tracking number, a check representing their net Settlement Payment. In the event that any Settlement Payment check is returned to Defendant as undeliverable, Defendant shall within seven (7) days report the undeliverable check to Class Counsel, and Class Counsel will use reasonable efforts to locate a current address for the Settlement Class Member. If a current address is found, Class Counsel shall instruct Defendant to re-mail the check.

8. Within thirty (30) calendar days of entry of this Order of Final Approval of the Settlement Agreement, the Defendant shall pay the General Release Payment and Service Payment to Plaintiff.

9. Within thirty (30) calendar days of entry of this Order of Final Approval of the Settlement Agreement, the Defendant shall pay Plaintiff's Counsel the amount of $18,000.00 as payment of attorneys fees and costs and administration expenses.

10. In accordance with the Stipulation of Settlement, settlement checks that are not negotiated within ninety (90) days of the date of issue shall become void, and the Parties agree to donate the amount of the un-negotiated checks to the non-profit organization The National Employment Law Project.

11. This Court hereby dismisses all claims released in the Class Action Settlement Agreement with prejudice, and on the merits. All Parties are to bear their own fees and costs, except as otherwise provided in the Class Action Settlement Agreement.

12. By consent of the parties, and without affecting the finality of this Order, this Court hereby retains continuing jurisdiction over the implementation of this Settlement Agreement and any award or distribution of the settlement amount

13. The Court grants final approval of the Settlement and all of its terms as set forth within the Class Action Settlement Agreement, incorporated into this Order of Final Approval in its entirety by reference.

SO ORDERED this 9 day of May ~~10,~~ 2016 in Chicago, Illinois

_____
THE HONORABLE SUSAN E. COX
UNITED STATES JUDGE